UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOAN GINTER, as Special Administrator for
the Estate of HAROLD EUGENE JAEGER,

        Plaintiff,

        v.         Case No. 22-C-1114

HAROLD WILLIAM JAEGER,

        Defendant.

---

### ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

---

This case arises out of a dispute between father and son over the accessibility and use of property the father placed in joint ownership. On August 17, 2022, Harold Eugene Jaeger (Harold E.) filed this action in Forest County Circuit Court, alleging that his son, Defendant Harold William Jaeger (Harold W.), unlawfully withdrew $245,332 from their joint account at CoVantage Credit Union, caused funds held in other joint accounts to be frozen, and unlawfully removed certain of Harold E.'s personal property from a CoVantage safe deposit box. The property at issue had been solely owned by Harold E. but was placed in joint ownership for convenience so that Harold W. could help Harold E. with banking and payment of bills. The complaint alleged that while Harold E. was a resident of a nursing home in Forest County, instead of using the funds to pay for Harold E.'s care, Harold W. had removed nearly all of the funds from the account at CoVantage Credit Union and attempted to remove the funds from the accounts at Laona State Bank. In response to conflicting claims for the funds, the Bank elected to freeze the accounts and await a judicial determination as to the true owner. Harold E. asserted claims against his son for conversion, civil theft, and breach of fiduciary duty. Dkt. No. 1-1. Thereafter, Harold W., a citizen of the State of

Illinois, removed the case from Forest County Circuit Court pursuant to 28 U.S.C. §§ 1441 and 1446. The court has diversity jurisdiction over this matter under 28 U.S.C. § 1332.

On January 3, 2023, Harold E. filed a motion for a preliminary injunction under Federal Rule of Civil Procedure 65. The motion seeks an order requiring Harold W. to repay the $245,332 that he withdrew from the CoVantage joint account and to return Harold E.'s personal property that he removed from the CoVantage safe deposit box, barring Harold W. from making further withdrawals from any other joint accounts, and unfreezing the parties' joint accounts at Laona State Bank. Dkt. No. 17. In support of the motion, Harold E. asserted that his son's actions left him "virtually penniless." Dkt. No. 17-1 at 8. Harold W. opposed his father's motion, claiming that he had withdrawn the jointly held funds and property, and refused to sign paperwork to unfreeze the other joint accounts out of concern that Evelyn Hoehne, a longtime neighbor of Harold E., and Joan Ginter, her daughter, were exerting undue influence over his elderly father whose health was rapidly declining. Dkt. No. 23 at 2.

While the motion was pending, Harold E. passed away on February 6, 2023, at the age of 86 due to cancer. Joan Ginter was appointed Special Administrator of his Estate. *See* Dkt. No. 25; Letter of Special Administration at 1, Dkt. No. 24-6. At a hearing on March 21, 2023, the court ordered Joan Ginter, as Special Administrator for the Estate of Harold E. Jaeger, to be substituted as the plaintiff in this matter under Rule 25(a)(1). Dkt. No. 26. The parties filed supplemental briefs, and the motion is ripe for decision.

"It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." 11A C. Wright, A. Miller, & M. Kane, FEDERAL PRACTICE AND PROCEDURE § 2948, pp. 129–130 (2d ed.1995) (quoted in *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

Rule 65 governs the issuance of temporary restraining order and preliminary injunctions. *See* Fed. R. Civ. P. 65(a)–(b). In general, the standard for granting either one is the same. *See Cassell v. Snyders*, 458 F. Supp. 3d 981, 990 (N.D. Ill. 2020), *aff'd*, 990 F.3d 539 (7th Cir. 2021). To secure a temporary restraining order or a preliminary injunction, a plaintiff must show that "(1) without this relief, it will suffer 'irreparable harm'; (2) 'traditional legal remedies would be inadequate'; and (3) it has some likelihood of prevailing on the merits of its claims." *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020) (quoting *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018)). If a plaintiff makes such a showing, the court proceeds to a balancing analysis, to determine whether the balance of harm favors the moving party or whether the harm to other parties or the public sufficiently outweighs the movant's interests. *Id.* This inquiry incorporates a "sliding scale" approach, under which "the more likely the plaintiff will succeed on the merits, the less the balance of irreparable harms need favor the plaintiff's position." *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).

With the death of Harold E., the plaintiff is unable to show irreparable harm or that traditional legal remedies would be inadequate. Prior to his death, Harold E. claimed that he could not await a full determination of the merits of his claim because his son's actions had left him "virtually penniless" and unable to pay for his care and needs. In effect, he claimed he was suffering irreparable harm. As his son points out, now that Harold E. has passed away, "whatever urgency may have previously existed to enter injunctive relief to assist Harold E. while still living is gone." Def.'s Supp. Br. in Opp'n to Mot. for Disbursement of Funds at 2–3, Dkt. No. 27. Neither Harold E., nor his Estate, will suffer irreparable harm by waiting for a complete record to be established and a final determination made. Should the Estate prevail, the court will order the return of the funds withdrawn and other property taken by Harold W. For this reason, alone, the

3

extraordinary and drastic remedy of a preliminary injunction is not appropriate. To grant such relief under these circumstances would constitute an abuse of discretion. Plaintiff's motion for disbursement of funds (Dkt. No. 17) is therefore **DENIED**.

Dated at Green Bay, Wisconsin this 12th day of May, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

4

Case 1:22-cv-01114-WCG   Filed 05/15/23   Page 4 of 4   Document 31