UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOAN GINTER, as Special Administrator
for the Estate of Harold Eugene Jaeger,

      Plaintiff,

      v.                                             Case No. 22-C-1114

HAROLD WILLIAM JAEGER,

      Defendant.

## ORDER GRANTING MOTION TO COMPEL AS TO
## ATTORNEY MICHAEL B. WINTER

      This matter was before the court for a hearing on Defendant Harold W. Jaeger's motion to compel production of documents responsive to a subpoena issued to Attorney Michael B. Winter. Attorney Winter was counsel for Harold E. Jaeger, the decedent in the above-referenced action. The dispute between the estate and Harold W. Jaeger concerns Mr. Harold E. Jaeger's state of mind and whether he was subject to duress or undue influence at the time that Harold W. Jaeger, his son, withdrew money from a joint account.

      For the reasons set forth on the record at the hearing held on this date, the court finds that the attorney/client privilege has been waived and, further, that there is an exception to the attorney/client privilege for the information sought in this case. Rule 502(a) of the Federal Rules of Evidence provides that a waiver of the attorney/client privilege occurs where a partial disclosure of the communication or information within the privilege is disclosed, the disclosure is intentional, the disclosed and undisclosed communication or information concern the same subject matter, and in fairness the disclosed and undisclosed material should be considered together. In this case,

Attorney Winter, at the urging of his client, submitted a declaration concerning the circumstances surrounding the claims that are at issue in this case. Dkt. No. 24-19. Given this disclosure, it would be unfair to prevent the defendant from obtaining additional information concerning the events and communications described in Attorney Winter's declaration.

The court further finds that an exception to the attorney/client privilege exists under the circumstances of this case. Specifically, the court is satisfied that the testamentary exception, which applies as to "communication relevant to an issue between parties who claim through the same deceased client, regardless of whether the claims are by testate or intestate succession or by inter vivos transaction," Wis. Stat. § 905.03(4)(b), is applicable here. Although the Wisconsin exception may not strictly apply to this federal proceeding, the court is satisfied that the same exception applies to the federal attorney/client privilege. *See Swidler and Berlin v. United States*, 424 U.S. 399, 404–05 (1998) (citing *Glover v. Patten*, 165 U.S. 394, 406–08 (1897)).

Accordingly, and for the reasons stated here and by the court at the hearing, Defendant Harold W. Jaeger's motion to compel production of documents responsive to the subpoena issued to Attorney Michael B. Winter is granted. Attorney Winter is directed to comply with the subpoena and, further, answer discovery requests relating to the events described in his declaration filed in this matter.

**SO ORDERED** at Green Bay, Wisconsin this 25th day of September, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge